IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DARON C HOLMES,

    Petitioner,

v.                                                       CASE NO. 4:08-cv-00507-MP-WCS

WALTER A MCNEIL,

    Respondent.

_____/

# **O R D E R**

This matter is before the Court on Doc. 21, Report and Recommendation of the Magistrate Judge, which recommends that 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Daron C. Holmes challenging conviction for sale or possession with intent to sell cocaine within 1,000 feet of a school in the Circuit Court of the Second Judicial Circuit, in and for Jefferson County, Florida, case number 01-352-CF, be denied with prejudice and that a certificate of appealability be denied pursuant to § 2254 Rule 11(a). Petitioner timely objected to Magistrate Judge's Report and Recommendation. This Court reviews objected-to material *de novo*.

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839, 119 S. Ct. 1728, 1730 (1999) (citing 28 U.S.C. §§ 2254(b)(1), (c)). To properly exhaust remedies as required by § 2254(b), "the federal claim must be fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971). However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies

available in the courts of the State." 28 U.S.C. § 2254(b)(2).

If a claim was not fairly presented but is procedurally barred from further state court review, Petitioner must demonstrate cause for the default and actual prejudice, or demonstrate that the constitutional violation has probably resulted in conviction of an innocent person. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2565 (1991). For a claim which was fairly presented and adjudicated on the merits by the state court, the state court's factual determinations are presumed correct unless the Petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

Petitioner raises six separate ineffective assistance of counsel claims. First, Petitioner contends that his attorney was ineffective for failing to depose the confidential informant, Eric Schmeil, and the eye witness, Derrick Johnson. The Magistrate Judge was correct in his conclusion that the claim concerning Schmeil was never presented to Florida courts and is procedurally defaulted. *See Jackson v. Herring*, 42 F.3d 1350, 1355 (11th Cir. 1995) (consistent with the fair presentation requirement, habeas petitioners generally may not raise ineffective assistance of counsel claims except on grounds specifically presented to the state courts) (citations omitted). Petitioner has not shown cause for this default or prejudice to the outcome. As such, the Court cannot reach the merits of this claim.

Petitioner did exhaust state court remedies as to the claim that his attorney was ineffective in failing to depose and use Derrick Johnson as a witness. However, the trial court denied this claim reasoning that "calling a witness to testify that Defendant did not, in fact, sell crack cocaine would have severely undermined his defense of entrapment. Counsel cannot be deemed ineffective for failing to interview or call a witness whose sole purpose would have been to sabotage his entire case strategy." Ex. X, R. 23. Petitioner has not shown that the state court's

ruling has "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Second, Petitioner contends that his attorney was ineffective for failing to invoke the sequestration rule to exclude Eric Schmiel from trial. Petitioner's attorney initially forgot to invoke the rule, and did not do so until Sgt. Hayes had already identified Petitioner. The trial court denied this claim finding that Petitioner failed to establish that the informant could not have identified him without first seeing Sgt. Hayes identify him. Petitioner has not shown that the state court's ruling has "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Petitioner's objections merely restate his original claim.

Third, Petitioner asserts that his attorney was ineffective in the way he handled a comment made by a prospective juror. This claim was not raised by Petitioner until his second Rule 3.850 Motion. Fla. R. Crim. P. 3.850(f) provides that a second or successive motion, which alleges new and different grounds, may be dismissed if "the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules." Although Petitioner argued that the successive claim was permitted as newly discovered evidence, the court denied the motion implicitly holding that Petitioner could have known of this claim by the exercise of due diligence. The court also held that the claim was without merit because the evidence of guilt was so strong. Procedural default exists even though the state court alternatively issued a ruling on the merits and Petitioner has not shown cause or prejudice for this default. As such, the Court cannot reach the merits of this

claim.

Fourth, Petitioner contends that his attorney was ineffective because he conceded Petitioner's guilt by presenting the defense of entrapment without Petitioner's consent. The trial court denied this claim when ruling upon the first Rule 3.850 motion, finding that it was unsupported in the record. The court noted that "during the trial, counsel discussed with [Petitioner] off the record whether he wanted to testify, and a few minutes later counsel stated to the Court that [Petitioner] was not going to testify and had 'decided to ask me to request the entrapment instruction,' to which [Petitioner] said nothing." The trial court's factual findings have not been shown to be inaccurate by clear and convincing evidence as required by § 2254(e)(1).

Fifth, Petitioner contends that his attorney was ineffective for failing to move to suppress the testimony of confidential informant Schmeil. The basis for suppression is that Schmeil received payment for his role as a confidential informant. The state court rejected this claim as raised in the first Rule 3.850 motion, finding that Petitioner's attorney thoroughly cross-examined Schmeil. Petitioner has not shown that the state trial court's ruling on this federal claim has "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Sixth, Petitioner contends that his attorney was ineffective because he failed to test the sufficiency of Officer Hayes's testimony that the drug sale was within 1,000 feet of a school. This claim was never presented to the state courts and is procedurally defaulted. Petitioner has not shown cause or prejudice for this procedural default, and the court cannot reach the merits of the claim.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  The Report and Recommendation of the Magistrate Judge, Doc. 21, is ADOPTED and incorporated herein.

2.  Petition for writ of habeas corpus, Doc.1, is DENIED with prejudice.

3.  Certificate of Appealability is DENIED pursuant to § 2254 Rule 11(a).

**DONE AND ORDERED** this   *28th* day of January, 2011

              *s/Maurice M. Paul*
            Maurice M. Paul, Senior District Judge